PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| MAXELL, LTD.,<br><br>                           *Plaintiff*,<br><br>v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,<br><br>                           *Defendant*. | Civil Action No.: 6:22-cv-00334<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Maxell, Ltd. ("Maxell"), by and through its undersigned counsel, files this complaint under 35 U.S.C. § 271 for Patent Infringement against Defendants Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility LLC (all collectively, "Lenovo" or "Defendant") and further alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## OVERVIEW

1. This is an action for patent infringement by Maxell. Founded in 1961 as Maxell Electric Industrial Co., Ltd., Maxell is a leading global manufacturer of information storage media products, including magnetic tapes, optical discs, and battery products such as lithium ion rechargeable micro batteries and alkaline dry batteries, and the company has over 50 years of experience producing industry-leading recordable media and energy products for both the consumer and the professional markets. Maxell is also a leading manufacturer of projectors and

lenses and additionally sells various other devices, such as Bluetooth headsets, wireless charging solutions, etc.

2.      Maxell has built an international reputation for excellence and reliability, for pioneering the power supplies and digital recordings for today's mobile and multi-media devices, and for leading the electronics industry in the fields of storage media and batteries.

3.      Since being one of the first companies to develop alkaline batteries and Blu Ray camcorder discs, Maxell has always assured its customers of industry-leading product innovation and is one of the world's foremost suppliers of memory, power, audio, and video goods. Maxell's well-recognized logo and iconic "blown away" image exemplify the reputation Maxell carefully developed in these markets.



4.      As more fully described below, in 2009 Hitachi, Ltd. assigned much of its consumer product-facing intellectual property to its consumer product business division, Hitachi Consumer Electronics Co., Ltd. Then, in 2013, the consumer electronics division of Hitachi Consumer Electronics Co., Ltd., was transferred to Hitachi Maxell, Ltd. This involved assigning the intellectual property including the patents in this case, to Hitachi Maxell, Ltd. In 2017, Hitachi Maxell engaged in a reorganization and name change—to Maxell, Ltd.—in an effort to align its

intellectual property with the business development, and research and development, and licensing efforts of Maxell, including in the mobile and mobile-media device market (Hitachi, Ltd. and Hitachi Consumer Electronics Co., Ltd. are referred to herein collectively as "Hitachi"). Maxell continues to own all rights to the patents-in-suit, as well as the entire Maxell portfolio initially obtained from Hitachi.

5.      Today, Maxell maintains a thriving business in the mobile device market including wireless charging solutions, wireless flash drives, multimedia players, storage devices, and headphones. Maxell also maintains intellectual property related to televisions, computer products, tablets, digital cameras, and mobile phones. As a mobile technology developer and industry leader, and due to its historical and continuous investment in research and development, including in the state of Texas, Maxell owns a portfolio of patents related to such technologies and actively enforces its patents through licensing and/or litigation. Leading smartphone manufacturers have recognized the value of Maxell's intellectual property and have obtained a license from Maxell in the recent past—including many of the smartphone companies well-known to consumers.

6.      Maxell is forced to bring this action against Lenovo as a result of Lenovo's knowing and ongoing infringement of Maxell's patents, as further described herein.

**Lenovo** ███████████████████████████

7.      Lenovo has been aware of Maxell's patents since at least ██████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████

8.      ████████████████████████████████████

████████████████████████████████████████

3

PUBLIC VERSION

█████████████████████████████████████████████████████████

████████████████████████████

9.      ███████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████

10.     ███████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████

11.     ███████████████████████████████████████████████████

█████████████████████████████████████████████████████

12.     ███████████████████████████████████████████████████

████████████████████████████████████████████████████

13.     ███████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

PUBLIC VERSION

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

14.   ███████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

15.   ███████████████████████████████████████

████████████████████████████████████████

16.   ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

PUBLIC VERSION

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████

17.   ████████████████████████████████████████████

██████████████████████████████████████████████

18.   On or about October 30, 2014, however, Lenovo acquired Motorola Mobility's smartphone lines of business from Google in a transaction of $2.91 billion and began selling Motorola-branded smartphones.

19.   Upon information and belief, and according to publicly available reports and publications, at the time of the acquisition of Motorola Mobility, its annual sales were at least one hundred million U.S. dollars in either of the two (2) fiscal years prior to the time of the acquisition.

20.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

21.     Specifically, Maxell sent a letter to Lenovo on May 17, 2018 identifying fifty patents from Maxell's patent portfolio that Maxell believed were infringed by Lenovo's sale of Motorola-branded smartphones. *See* Letter from J. Beaber to C. Welton dated May 17, 2018 (Exhibit 1).  In the letter, Maxell explained that it "is focused on addressing these issues without the need for costly and protracted litigation, and it would welcome the opportunity to have constructive discussions with Motorola to determine whether a mutually acceptable patent license agreement can be reached." *See* Exhibit 1 at 5.

22.     Between May 17, 2018 and July 9, 2018, Maxell's representative—Jamie Beaber—and Lenovo's Director of Licensing—Kathryn Tsirigotis—exchanged several communications including invitations from Mr. Beaber to schedule a time for a call or host an in-person meeting in Ms. Tsirigoti's then-location of North Carolina. Ms. Tsirigotis never responded to Mr. Beaber's invitations and no further communications were received from Lenovo. *See* Exhibit 2 (email exchange between Mr. Beaber and Ms. Tsirigotis).

23.     Having not heard back from any Lenovo representatives, Maxell sent another letter on June 3, 2021, following up with respect to the prior invitations to host a meeting and continue to explain that Maxell believes that Lenovo's sale of Motorola-branded smartphones infringe Maxell's patents. *See* Letter from J. Beaber to Fergal Clarke, and Robert Renke dated June 3, 2021 (Exhibit 3). In this correspondence, Maxell specifically called to attention additional issued and allowed patents (119 in total) from Maxell's portfolio and identified claims of those patents along

with specific Motorola smartphone models that were infringing the claims. Once again, Lenovo did not respond.

24.     Mr. Beaber finally was able to reach Mr. Fergal Clarke—a different Lenovo representative—through further exchanges of email and the two of them held a telephone conference on August 17, 2021. Despite Maxell's efforts, this call took place approximately three years after the initial communications with Lenovo and after numerous invitations for a call or meeting.

25.     During the call, Mr. Clarke confirmed that he was aware of the initial correspondence with Ms. Tsirigotis but noted that she had departed the company. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Mr. Clarke requested additional time to confer with his colleagues on this issue.

26.     Another telephone conference on September 14, 2021, also did not resolve the issue.

27.     On yet another follow-up call, on October 5, 2021, Mr. Clarke was joined by Lenovo's Director, IP Counsel, Mr. Scott Reid. Although it took place years after the initial Maxell contacts, Mr. Reid was able to provide some clarity of Lenovo's position ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

28.     Lenovo confirmed its position ████████████████████ in an email exchange later that day. ████████████████████████

PUBLIC VERSION

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

29.     After more than three years of Maxell trying to get clarity on the issue, Lenovo finally stated to Maxell that ████████████████████████████ ████████████████████████████ The fact that Lenovo's Motorola-branded smartphones infringe Maxell patents also did not seem to concern Lenovo's representatives, despite the point being emphasized in several communications and on the October 5, 2021 telephone call.

30.     Maxell agrees that █████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████ Such a discussion would have provided the parties an opportunity to discuss a royalty rate appropriate for smartphones, as well as the proper base to which the rate would apply. ████████████████████████████████ Maxell wanted to provide Lenovo an opportunity to have this discussion in good faith, to do the right thing and respect Maxell's patents

like Lenovo's competitors have done, by licensing the patents for smartphones. ████████
████████████████████████████████████████████

31.     Nevertheless, Maxell had hoped that the parties could reach a mutually beneficial solution—████████████████████████████████████—but Lenovo instead implemented dilatory tactics for over three and a half years and elected not to enter into an agreement with Maxell and/or license Maxell's patents for smartphones. Accordingly, in 2021, Maxell brought litigation against Lenovo asserting infringement of eight other patents from the same portfolio of which the currently asserted patents are a part. Case No. 6:21-cv-01169 (W.D.Tex.). Yet, Lenovo has still elected not to license Maxell's patents and that litigation is pending. The result is that Lenovo has continued, and continues today to make, use, sell and offer for sale Maxell's patented technology without a license.

## THE PARTIES

32.     Plaintiff Maxell, Ltd. is a Japanese corporation with a registered place of business at 1 Koizumi, Oyamazaki, Oyamazaki-cho, Otokuni-gun, Kyoto, Japan.

33.     Upon information and belief, Lenovo Group Ltd. is a corporation organized and existing under the laws of China, with its principal place of business located at No 6 Chuang Ye Road, Haidian District, Shangdi Information Industry Base, Beijing, 100085, China, and may be served pursuant to the provisions of the Hague Convention. Upon information and belief, Lenovo Group Ltd. also has a principal place of business located at Lincoln House, 23rd Floor, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong, S.A.R. Upon information and belief, Lenovo Group Ltd. is the parent company of a multinational conglomerate that operates under the name "Lenovo" and refers to itself and its subsidiaries as the "Group." Lenovo purports to be a US$60 billion Fortune Global 500 company serving customers in 180 markets around the world.

34.     Upon information and belief, Defendant Lenovo (United States) Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27650. Defendant Lenovo (United States) Inc. may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Lenovo (United States) Inc. is, indirectly, a wholly-owned subsidiary of Lenovo Group Ltd. and is part of the Lenovo Group.

35.     Upon information and belief, Defendant Motorola Mobility LLC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 600 N. U.S. Highway 45, Libertyville, IL 60048. Defendant Motorola Mobility LLC is a subsidiary of or otherwise controlled by Defendant Lenovo Group Ltd. and is part of the Lenovo Group. Defendant Motorola Mobility LLC may be served through its registered agent for service of process – The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

36.     Upon information and belief, Defendants are part of the same corporate structure and distribution chain (together with other Lenovo subsidiaries, affiliates, and intermediaries) with respect to the design, manufacture, use, importation, offer to sell, and/or sale of Motorola-branded Accused Products.

## <u>NATURE OF THE ACTION, JURISDICTION, AND VENUE</u>

37.     Maxell brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

38.     This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

39.     This Court has personal jurisdiction over Lenovo. Lenovo conducts business and has committed acts of direct and indirect patent infringement in this District, the State of Texas, and elsewhere in the United States. Moreover, Lenovo is registered to do business in the State of Texas, has offices and facilities in the State of Texas and this District, actively posts job listings for positions in Texas, and actively directs its activities to customers located in the State of Texas and this District.

40.     For example, on information and belief, Lenovo (United States) and Motorola Mobility, acting at the direction of Lenovo Group Ltd., each sell within this District, the State of Texas, and elsewhere in the United States the Accused Products. Respondent Lenovo (United States) Inc. sells and offers to sell the Accused Products on, for example, its website (https://www.lenovo.com/us/en/phones/). Further, Respondent Motorola Mobility LLC sells and offers to sell the Accused Products on, for example, its website (https://www.motorola.com/us/smartphones).

41.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b) because, among other things, Lenovo has a regular and established place of business in this District. Specifically, Lenovo has admitted that they have at least 53 employees in this District. *See Gesture Tech. Partners, LLC v. Lenovo Group Ltd. et al.,* 6:21-cv-00122, (W.D. Tex. Oct. 13, 2021), Dkt. No. 32 at 2.  Lenovo has admitted that they provide reimbursement to their employees to maintain home offices in this District. *Id.* at 2-3. Lenovo has further admitted that at least 12 of Lenovo's

employees in this District have received funds from Lenovo to establish home offices in this District. *Id.* at 2-3.

42.     In addition, Lenovo has numerous job listings for positions in this District indicating that it intends to continue to maintain a regular and established place of business in this District:

## Android Software Developer

### General Information

**Req #** 100013626

**Career Area:** Engineering

**Country/Region:** United States of America

**State:** Illinois

**City:** Chicago

**Additional Locations:**

US - Atlanta, US - Austin, US - Mobile, US - Morrisville

**Date:** Monday, October 18, 2021

*See* https://jobs.lenovo.com/en_US/careers/JobDetail/Parent-Evergreen-Android-Developer/31415 (annotated)

## Sr. Research & Innovation Software Engineer

### General Information

**Req #** WD00010066

**Career Area:** Software Engineering

**Country/Region:** United States of America

**State:** California

**City:** San Jose

**Additional Locations:**

FL41 - Ft. Lauderdale, FL42 - Miami, US - Austin, US - Mobile, US - Morrisville, US - Morrisville (Davis Dr), US - San Jose

**Date:** Monday, August 30, 2021

**Working Time:** Full-time

*See* https://jobs.lenovo.com/en_US/careers/JobDetail/Sr-Research-Innovation-Software-Engineer/29483 (annotated)

## Director Of Strategy, Mergers And Acquisitions (SSG BU)

### General Information

Req # WD00008047

Career Area: Strategy and Operations

Country/Region: United States of America

State: North Carolina

City: Morrisville

Additional Locations:
US - Atlanta, US - Austin, US - Bellevue, US - Morrisville (Davis Dr), US - San Jose

Date: Monday, October 4, 2021

Working Time: Full-time

**APPLY**

If you require an accommodation to complete this application, please contact ability@lenovo.com

Share this job:

*See* https://jobs.lenovo.com/en_US/careers/JobDetail/Director-of-M-A-Strategy-Solutions-and-Services-Group/28714 *(annotated)*

43.     In addition, Lenovo has at least the following Authorized Service Providers and/or service centers in this District:

- Intech Southwest Services, LLC (4778 Research Drive, San Antonio, TX 78240)
- Streamline Technical Services, LLC (2711 Oakmont Drive, Round Rock, TX 78665)
- Abacus Computers Inc. (6 Desta Drive, Suite 1350, Midland, TX 79705)
- BJ Associates of San Antonio (10823 Gulfdale, San Antonio, TX 78216)
- Computer Express (12758 Cimarron Path, Suite 104B, San Antonio, TX 78249)
- 9900 S IH 35 Frontage Rd Suite P475, Austin, TX 78748
- 14010 US-183 Suite 528, Austin, TX 78717
- 115 Sundance Parkway Suite 320, Round Rock, TX 78681
- 107 Childers Dr Suite 300 Bastrop TX 78602
- 750 Barnes Drive Suite 116, San Marcos, TX 78666
- 160 Creekside Way Suite 102B, New Braunfels, TX 78130
- 200 Commercial Drive Suite 102, Harker Heights, TX 76548
- 12140 O'Connor Rd San Antonio, TX 78233

*See Gesture Technology Partners,* 6:21-cv-00122*,* (E.D. Tex. October 13, 2021), Dkt. No. 32 at 6-7.

44.     In addition, Lenovo has Authorized Dealers in this District including, but not limited to, Ingram/Bright Point, Ice Mobility, Planet Cell and Quality One. Additional Authorized Dealers in this District can be found by using the "Find a Reseller" tool, available at https://www.lenovo.com/us/en/landingpage/resellerlocator/.

45.     A regular and established place of business requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business. Lenovo: (1) has the physical presence of at least 50 employees in this District that are provided reimbursement from Lenovo to maintain and establish a place of business, (2) continues to advertise positions for hiring additional employees in this District; (3) has at least a dozen Authorized Service Providers and/or service centers in this District; and (4) Authorized Dealers in this District.

46.     Additionally, Maxell has had regular and continuous business in Texas since 2014. As a result of such business dealings and hopes to expand those and other business dealings, a Maxell affiliate, Maxell Research and Development America, LLC ("MRDA"), was founded in Marshall, Texas. MRDA is part of a joint venture with another business in Marshall, and the entities work together on research and development related to IoT, mobile, media and battery technologies. MRDA's ongoing projects include, for example, the research and development of lensless camera technology, which Maxell hopes will be utilized for sensor and camera technology in smartphones. Prior to the pandemic, Maxell engineers and executives would regularly travel to Marshall to meet and work to expand the research and development activities, business, and investments being made by Maxell, MRDA, and their business partners in Texas to further the goals of these companies. While these efforts continue remotely for the time being, they have started to continue in-person now that travel restrictions are easing.

47.     Maxell has filed eight other lawsuits in Texas in order to enforce the patent portfolio of which the currently asserted patents are a part against various smartphone manufacturers including Defendants, Apple Inc., ASUSTeK Computer Inc., Huawei Technologies Co. Ltd., and ZTE (USA) Inc. Three of the patents accused of infringement herein, including U.S. Patent No.

7,199,821, U.S. Patent No. 8,982,086, and U.S. Patent No. 10,129,590 were previously asserted in the Western District of Texas against Apple Inc. U.S. Patent No. 7,324,487 was previously asserted in the Eastern District of Texas against ZTE (USA), Inc., ZTE Corporation, Huawei Device USA, Inc., and Huawei Device Co. Ltd. U.S. Patent No. 8,982,086 was also previously asserted in the Eastern District of Texas against ASUSTek Computer Inc., ZTE (USA), Inc., ZTE Corporation, Huawei Device USA, Inc., and Huawei Device Co. Ltd. A prior case against ZTE (USA) Inc., *Maxell Ltd. v. ZTE (USA) Inc.*, Case No. 5:16-cv-00179-RWS, culminated in a ten day jury trial resulting in a verdict of $43 million in favor of Maxell. At this point, all of Maxell's filed cases relating to this portfolio, except for the previously filed case against Defendants, have been resolved and dismissed.

<u>**COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 7,199,821**</u>

48.     Maxell incorporates paragraphs 1-47 above by reference.

49.     U.S. Patent No. 7,199,821 (the "'821 Patent," attached hereto at Exhibit 5) duly issued on April 3, 2007 and is entitled *Imaging Apparatus and Method for Controlling White Balance*.

50.     Maxell is the owner by assignment of the '821 Patent and possesses all rights under the '821 Patent, including the exclusive right to recover for past and future infringement.

51.     The '821 Patent is directed to an imaging apparatus, such as a mobile electronic device or smartphone, that has the ability to capture pictures with the correct color effect. Specifically, in order for an imaging device to capture and generate a picture of high quality with proper color, the device needs to balance the different portions of the image. For example, if a camera is photographing a subject that is wearing a white shirt and has a colorful background, the camera will need to process the image signals in such a way that the white portion of the image is

balanced with the colorful portion. This processing is referred to as "white balancing" of an image, or simply "white balance correction."

52.     Prior to the '821 Patent, conventional imaging techniques performed white balance correction by constructing a feedback loop. In this conventional feedback loop, signals corresponding to the white portion and colored portions are distinguished to detect a white balance deviation. This detected deviation is then used to adjust the signals corresponding to the colored portions.

53.     There were several problems with these conventional techniques, however. As one example, conventional techniques did not create pictures of high quality under all conditions. For instance, detected deviation were not accurate when the colored portions of the image included a large part of the picture. Further, conventional techniques could not account for additional variations during photography, including brightness of the object being photographed, distance of the object from the camera, and zoom value.

54.     The '821 Patent solved these problems. It teaches a device that implements white balance correction by taking into account the distance of the object being photographed, a zoom value, and brightness of the object being photographed.

55.     For example, the '821 Patent discloses an imaging apparatus that includes an object distance detecting means, a zoom detecting means, and a brightness detecting means such that the apparatus corrects the white balance of the image signals based on the detected brightness, zoom, and distance values. Incorporating the '821 Patent's white balance correction technique ensures that the device generates high-quality pictures, even under varying conditions and control parameters.

56.     Lenovo has directly infringed one or more claims of the '821 Patent in this District and elsewhere in Texas, including at least claims 1, 4, 6 and 7 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E Family (e (2020), $E^6$, $E^5$ Supra, $E^5$ Plus, $E^5$ Play, $E^5$ Go, $E^5$ Cruise, $E^5$, $E^4$ Plus, and $E^4$); Moto Edge Family (edge (2021 and 2020) and edge+), Moto G Family (G Stylus (2021), G Power (2021), G Play, G Power, G Pure, G Stylus 5G, G Stylus, $G^7$ Play, $G^7$ Play with Amazon Alexa, $G^7$ with Amazon Alexa, G Fast, $G^7$ Supra, $G^7$ Power, $G^7$ Plus, $G^7$ Optimo Maxx, $G^7$ Optimo, $G^7$, $G^6$ Play, $G^6$ Forge, $G^6$, $G^{5s}$ Plus, $G^5$ Plus); Moto One Family (One 5G, One Action, One 5G Ace, One Hyper, One Fusion+, One Zoom, and One); Moto Razr Family (razr (1st gen) and razr (2nd gen)); and Moto Z Family ($Z^4$ with Amazon Alexa, $Z^4$, $Z^3$ Play, $Z^3$, $Z^2$ Play, and $Z^2$ Force)(collectively, "the '821 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '821 Accused Products are identified to describe Lenovo's infringement and in no way limit the discovery and infringement allegations against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

57.     Each of the '821 Accused Products is observed to include an imaging apparatus with a display that displays images that are picked up by an image pick up device and processed by the image processor. The '821 Accused Products have a white balance circuit that ensures that white objects in images picked up by the image sensor appear white. The '821 Accused Products also includes a circuit and/or processor for detecting object distance, detecting a zoom value, and detecting object brightness. For example, the '821 Accused Products have autofocus functions, brightness measurement functions, zooming functions, color correction functions, and white balance functionalities. The '821 Accused Products control white balance in an image based on

these distance, zoom, and brightness values. The '821 Accused Products also have a circuit for setting a threshold on the basis of object brightness, zoom, and distance and adjusting white balance according to the threshold.

58.     For example, the following excerpt from Lenovo's website provides non-limiting examples of the '821 Accused Products infringing at least claims 1, 4, 6, and 7 of the '821 Patent by performing white balance corrections after capturing pictures including, for example, with the implementation of Portrait mode.



*See* https://motorola-global-portal.custhelp.com/app/answers/prod_answer_detail/a_id/127634



*See* https://www.motorola.com/us/smartphones-motorola-edge/p?skuId=352



*See* https://www.motorola.com/us/smartphones-motorola-edge-plus/p#shootpro

**Control for Light and Motion**

WB  **White balance**

Adjust white balance for extreme lighting conditions.

| | |
|---|---|
| 💡 | Fluorescent indoor lighting |
| | Incandescent indoor lighting |
| ☀ | Sunny outdoor lighting |
| ☁ | Cloudy outdoor lighting |

https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/150809.

59.    The foregoing features and capabilities of each of the '821 Accused Products and Lenovo's description and/or demonstration thereof, including in user manuals and advertising, reflect Lenovo's direct infringement by satisfying every element of at least claims 1, 4, 6, and 7 of the '821 Patent, under 35 U.S.C. § 271(a).

60.     Lenovo has indirectly infringed at least claims 1, 4, 6, and 7 of the '821 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the '821 Accused Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '821 Patent in violation of 35 U.S.C. § 271(b). Lenovo instructs its customers through at least user guides or websites, such as those located at: https://motorola-global-portal.custhelp.com/app/answers/prod_answer_detail/a_id/127634,

https://www.motorola.com/us/smartphones-motorola-edge/p?skuId=352, https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/150809,                                      and

https://www.motorola.com/us/smartphones-motorola-edge-plus/p#shootpro.   These   websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in an infringing manner.  For example, as noted above, Lenovo instructs its customers to "Take a photo" with Portrait mode and/or "Add a beautiful blur in the background for a professional look with Portrait mode."  Lenovo is thereby liable for infringement of the '821 Patent pursuant to 35 U.S.C. § 271(b).

61.     Lenovo has indirectly infringed at least claims 1, 4, 6, and 7 of the '821 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '821 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '821 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

62.     For example, the '821 Accused Products include a white balance correction circuit and additional image correction and processing components (*e.g.*, camera, image sensors, ambient light sensor, image signal processor (ISP), display processor, application processor, image processing/correction software, and the "Camera" application). These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '821 Patent pursuant to 35 U.S.C. § 271(c).

63.     Lenovo has been aware of the '821 Patent family since, ███████████████

████████████████████████████████████████████████████████████████

█████████████████ Further, Lenovo has been on notice of its infringement of the '821 Patent since at least May 17, 2018, based on correspondence directed to Courtney VanLonKhuyzen Welton. *See* Letter from J. Beaber to C. Welton dated May 17, 2018 (Exhibit 1). That correspondence set forth Maxell's belief that Lenovo makes, uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and specifically identified the '821 Patent as well as exemplary claims and exemplary accused products for that patent. By the time of trial, Lenovo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 1, 4, 6, and 7 of the '821 Patent.

64.     Lenovo undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '821 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, at least since it received Maxell's letter on May 17, 2018, ███

████████████████████████████████████████████████████████████████

███████████ Lenovo has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '821 Patent, and that the '821 Patent is valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions do not constitute infringement of the '821 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Lenovo has continued its infringing activities. As such, Lenovo willfully infringes the '821 Patent.

65.    Maxell has been damaged by Lenovo's infringement of the '821 Patent.

**COUNT 2 - INFRINGEMENT OF U.S. PATENT NO. 7,324,487**

66.    Maxell incorporates paragraphs 1-65 above by reference.

67.    U.S. Patent No. 7,324,487 (the "'487 Patent," attached hereto at Exhibit 6) duly issued on January 29, 2008 and is entitled *Wireless LAN System and Method for Roaming in a Multiple Base Station*.

68.    Maxell is the owner by assignment of the '487 Patent and possesses all rights under the '487 Patent, including the exclusive right to recover for past and future infringement.

69.    The '487 Patent is directed to a method of controlling communication between a wireless terminal (such as a smartphone or other cellular device) and a plurality of base stations in a cellular network. For example, the '487 Patent describes a wireless terminal concurrently connected to two base stations in the cellular network while the two base stations are connected via a wired network. Further, the '487 Patent describes the wireless terminal performing data communication with one of the base stations while the wireless terminal is concurrently connected to at least two base stations and while the two base stations are connected to each other via a wired network. This concurrent connection allows the wireless terminal to support dual-connectivity

such that the wireless terminal can connect to an LTE base station and a 5G base stations and/or to two LTE base stations.

70.     Lenovo has directly infringed one or more claims of the '487 Patent in this District and elsewhere in Texas, including at least claims 1, 3, and 4 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E Family (e (2020), $E^6$, $E^5$ Supra, $E^5$ Plus, $E^5$ Play, $E^5$ Go, $E^5$ Cruise, $E^5$, $E^4$ Plus, and $E^4$); Moto Edge Family (edge (2021 and 2020) and edge+), Moto G Family (G Stylus (2021), G Power (2021), G Play, G Power, G Pure, G Stylus 5G, G Stylus, $G^7$ Play, $G^7$ Play with Amazon Alexa, $G^7$ with Amazon Alexa, G Fast, $G^7$ Supra, $G^7$ Power, $G^7$ Plus, $G^7$ Optimo Maxx, $G^7$ Optimo, $G^7$, $G^6$ Play, $G^6$ Forge, $G^6$, $G^{5s}$ Plus, $G^5$ Plus); Moto One Family (One 5G, One Action, One 5G Ace, One Hyper, One Fusion+, One Zoom, and One); Moto Razr Family (razr (1st gen) and razr (2nd gen)); and Moto Z Family ($Z^4$ with Amazon Alexa, $Z^4$, $Z^3$ Play, $Z^3$, $Z^2$ Play, and $Z^2$ Force) (collectively, "the '487 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '487 Accused Products are identified to describe Lenovo's infringement and in no way limit the discovery and infringement allegations against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

71.     Each of the '487 Accused Products is observed to implement a method to concurrently connect to two base stations that are connected via a wired network.  For example, the '487 Accused Products include one or more communication components that can concurrently connect to at least two base stations and perform data communications with at least one base station using the one or more communication components. Specifically, the '487 Accused Products

implement dual-connectivity by concurrently connecting to an LTE base station and a 5G base stations and/or by connecting to two LTE base stations.

72.     For example, the following excerpt from Lenovo's website provides non-limiting examples of the '487 Accused Products infringing at least claims 1, 3, and 4 of the '487 Patent by connecting to base stations in both 5G and LTE networks.



*See* https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631

*See* https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537



https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295

73.    The foregoing features and capabilities of each of the '487 Accused Products and Lenovo's description and/or demonstration thereof, including in user manuals and advertising, reflect Lenovo's direct infringement by satisfying every element of at least claims 1, 3, and 4 of the '487 Patent, under 35 U.S.C. § 271(a).

74.    Lenovo has indirectly infringed at least claims 1, 3, and 4 of the '487 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the '487 Accused Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '487 Patent in violation of 35 U.S.C. § 271(b). Lenovo instructs its customers through at least user guides or websites, such as those located at: https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631, https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537, and https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295. These websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in an infringing manner. For example, as noted above, Lenovo instructs its customers to connect to 5G and/or LTE networks for "gaming" or "video calls" at higher speed and better clarity. Lenovo is thereby liable for infringement of the '487 Patent pursuant to 35 U.S.C. § 271(b).

75.     Lenovo has indirectly infringed at least claims 1, 3, and 4 of the '487 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '487 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '487 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

76.     For example, the '487 Accused Products include one or more communication components for concurrently connecting with at least two base stations and performs data communications with at least one base station. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '487 Patent pursuant to 35 U.S.C. § 271(c).

77.     Lenovo has been aware of the '487 Patent since, ████████████████████ ████████████████████████████████████████████████████████████ ████████      Further, Lenovo has been on notice of its infringement of the '487 Patent since at least May 17, 2018, based on correspondence directed to Courtney VanLonKhuyzen Welton. *See* Letter from J. Beaber to C. Welton dated May 17, 2018 (Exhibit 1). That correspondence set forth Maxell's belief that Lenovo makes, uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and specifically identified the '487 Patent as well as exemplary claims and exemplary accused products for that patent. By the time of trial, Lenovo will thus have known

and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 1, 3, and 4 of the '487 Patent.

78.     Lenovo undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '487 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, at least since it received Maxell's letter on May 17, 2018, ███

████████████████████████████████████████████████████

████████████     Lenovo has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '487 Patent, and that the '487 Patent is valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions do not constitute infringement of the '487 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Lenovo has continued its infringing activities. As such, Lenovo willfully infringes the '487 Patent.

79.     Maxell has been damaged by Lenovo's infringement of the '487 Patent.

### COUNT 3 - INFRINGEMENT OF U.S. PATENT NO. 8,170,394

80.     Maxell incorporates paragraphs 1-79 above by reference.

81.     U.S. Patent No. 8,170,394 (the "'394 Patent," attached hereto at Exhibit 7) duly issued on May 1, 2012 and is entitled *Multimedia Player Displaying Operation Panel Depending on Contents*.

82.     Maxell is the owner by assignment of the '394 Patent and possesses all rights under the '394 Patent, including the exclusive right to recover for past and future infringement.

83.     With the rise of digital media, multimedia players saw a sharp expansion in their capabilities. Beyond simply being able to pause, rewind, and fast forward digital content,

conventional apparatuses also provided a host of other features for the selection and control of digital content.

84.    However, with these ever-expanding features also came ever-expanding control panels, typically in the form of graphical user interfaces (GUIs). New features meant the introduction of new keys or buttons to control those features, which in turn lead to increasingly cluttered GUIs. These expanding GUIs often required larger screens or the partial or complete overlay of whatever digital content happened to be playing at the time.

85.    Recognizing these problems, the inventors of the '394 Patent set out to design a multimedia player that would show users only the buttons of particular interest at any given time.

86.    Lenovo has directly infringed one or more claims of the '394 Patent in this District and elsewhere in Texas, including at least claims 2, 4, 5, 7, and 8 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E Family ($E^6$, $E^5$ Supra, $E^5$ Plus, $E^5$ Play, $E^5$ Go, $E^5$ Cruise, $E^5$, $E^4$ Plus, and $E^4$); Moto Edge Family (edge (2021 and 2020) and edge+), Moto G Family (G Play, G Power, $G^7$ Play, $G^7$ Play with Amazon Alexa, $G^7$ with Amazon Alexa, G Fast, $G^7$ Supra, $G^7$ Power, $G^7$ Plus, $G^7$ Optimo Maxx, $G^7$ Optimo, $G^7$, $G^6$ Play, $G^6$ Forge, $G^6$, $G^{5s}$ Plus, $G^5$ Plus); Moto One Family (One 5G, One Action, One Hyper, One Fusion+, One Zoom, and One); Moto Razr Family (razr (1st gen) and razr (2nd gen)); and Moto Z Family ($Z^4$ with Amazon Alexa, $Z^4$, $Z^3$ Play, $Z^3$, $Z^2$ Play, and $Z^2$ Force) (collectively, "the '394 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '394 Accused Products are identified to describe Lenovo's infringement and in no way limit the discovery and infringement allegations

against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

87.   Each of the '394 Accused Products is observed to include an apparatus that reproduces video and music.

88.   The '394 Accused Products incorporate electronic components and/or a processor programmed to receive 5G, 4G LTE, and/or WiFi signals inputted at an antenna and extracting digital content, programmed to receive content stored in the memory, and record video inputted via a camera.

89.   The '394 Accused Products include electronic components and/or a processor programmed to reproduce digital content received in one or more multimedia messaging protocols and programmed to reproduce video content received by network communication components or retrieved from the memory.

90.   The '394 Accused Products include electronic components and/or processor programmed to output a reproduced MMS, audio file, and/or video to a display or to speakers.

91.   The '394 Accused Products display digital content being outputted together with a display of a linear content operation panel allowing user-instruction regarding linear reproduction functions of the reproduced digital content.

92.   The '394 Accused Products also display the outputted digital content together with a display of an interactive content operation panel allowing user-instruction of interactive functions outside of the digital content reproducing apparatus. The linear content operation panel and the interactive content operation panel for the '394 Accused Products are distinct panels from each other and no disabling of buttons is required to generate them. Only one of the linear content

operation panel or the interactive content operation panel is displayed at a time with the outputted digital content together in one screen.

93.     The '394 Accused Products include a processor programmed to control the display of the graphical user interface, for example by providing Graphical User Interfaces corresponding to linear content and interactive content.

94.     For example, the following excerpt from Lenovo's website provides non-limiting examples of the '394 Accused Products infringing at least claims 2, 4, 5, 7, and 8 of the '394 Patent by reproducing videos and sharing videos:

**Share photos and videos**
1. Open the **Photos** app.
2. Navigate to the thumbnail of the item you want to share.
3. Select the item to share:
   - To select one item, touch & hold its thumbnail.
   - To select multiple items, touch & hold the first thumbnail, then touch the others to select them.
4. Touch ⤳    and select the way you want to share.

**Tip**: To clear all selections touch ⤳

*See*       https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload%2Fshare-photos-and-videos---motorola-one-vision

Using the Camera: Editing Photos and Videos - moto one power

**Edit standard photos**

1. Open the photo in the 📷  Camera or

2. Touch the photo, then touch ⇥⇤  .

3. Touch **Photos Editor**.

4. Touch a tab to access editing options:

   ⊞    Add a filter.

   ⇥⇤    Adjust light, color, sharpness.

   ⤢    Crop or rotate photo.

*See* https://motorola-global-en-aus.custhelp.com/app/answers/prod_answer_detail/a_id/137112

PUBLIC VERSION

**Edit videos**

After you record a video, you can edit it from the Gallery. When you save your changes, a new video is created in the Gallery and the original version is preserved.

**Trim video**

1. Touch ⬤ > **Gallery**.

2. Touch the thumbnail to open the video.

3. Touch ⋮ > **Trim**.

> 💡 **Tip:** If you don't see ⋮, touch the screen first.

4. Use the sliders 🔵 to specify the frames you want to trim.

5. Touch **SAVE**.

*See* https://help.motorola.com/hc/3213/444/global/en-gb/jcb102513.html

» **View, share, or delete:** Tap a thumbnail to open it, then tap ◅ to share, 🗑 to delete, or Menu ⋮ for more options.

Motorola edge User Guide at 22.

# Transfer files

» **Photos or videos:** Open the photo or video, then tap ◅ > **Bluetooth**.

*Id.* at 30.

# Share photos and videos

You can wirelessly share one, multiple, or all items from any Photos view, sending them as email or message attachments, uploading to the cloud, or using device-to-device connections like Bluetooth.

In addition to sharing wirelessly, you can transfer photos to your computer with a USB connection.

Motorola User Guide at 97.

After pairing with a device, you'll need to set sharing options and then you can use Bluetooth to:

- Make or receive calls with a headset

- Make or receive calls and play music over your car's audio system

- Transfer music

- Share photos

- Share contacts

- Share your phone's internet connection with your computer

*Id.* at 136.

95.     The foregoing features and capabilities of each of the '394 Accused Products and

Lenovo's description and/or demonstration thereof, including in user manuals and advertising,

32

reflect Lenovo's direct infringement by satisfying every element of at least claims 2, 4, 5, 7, and 8 of the '394 Patent, under 35 U.S.C. § 271(a).

96.     Further, Lenovo has indirectly infringed at least claims 2, 4, 5, 7, and 8 of the '394 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the '394 Accused Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '394 Patent in violation of 35 U.S.C. § 271(b). Lenovo instructs its customers through at least user guides or websites, such as those located at: https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload%2Fshare-photos-and-videos---motorola-one-vision; https://motorola-global-en-aus.custhelp.com/app/answers/prod_answer_detail/a_id/137112; https://help.motorola.com/hc/3213/444/global/en-gb/jcb102513.html.     These     websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in an infringing manner. For example, as noted above, Lenovo instructs its customers to view/reproduce videos and share videos. Lenovo is thereby liable for infringement of the '394 Patent pursuant to 35 U.S.C. § 271(b).

97.     Lenovo has indirectly infringed at least claims 2, 4, 5, 7, and 8 of the '394 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '394 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be

especially made or especially adapted for use in infringement of the '394 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

98.     For example, the '394 Accused Products include processors, display sub-systems, and software that display linear and interactive content operation control panels and provide video editing and sharing capabilities. These are components for use in practicing a patented process. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '394 Patent pursuant to 35 U.S.C. § 271(c).

99.     Lenovo has been aware of the '394 Patent family since, ███████████████

████████████████████████████████████████████████████████████████

████████████████     Further, Lenovo has been on notice of its infringement of the '394 Patent since at least May 17, 2018, based on correspondence directed to Courtney VanLonKhuyzen Welton. *See* Letter from J. Beaber to C. Welton dated May 17, 2018 (Exhibit 1). That correspondence set forth Maxell's belief that Lenovo makes, uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and specifically identified the '394 Patent as well as exemplary claims and exemplary accused products for that patent. By the time of trial, Lenovo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 2, 4, 5, 7, and 8 of the '394 Patent.

100.    Lenovo undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '394 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, at least since it received Maxell's letter on May 17, 2018, ██

████████████████████████████████████████████████████████████████

34

███████████ Lenovo has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '394 Patent, and that the '394 Patent is valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions do not constitute infringement of the '394 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Lenovo has continued its infringing activities. As such, Lenovo willfully infringes the '394 Patent.

101.    Maxell has been damaged by Lenovo's infringement of the '394 Patent.

## COUNT 4 - INFRINGEMENT OF U.S. PATENT NO. 8,982,086

102.    Maxell incorporates paragraphs 1-101 above by reference.

103.    U.S. Patent No. 8,982,086 (the "'086 Patent," attached hereto at Exhibit 8) duly issued on March 17, 2015 and is entitled *Information Processing Apparatus*.

104.    Maxell is the owner by assignment of the '086 Patent and possesses all rights under the '086 Patent, including the exclusive right to recover for past and future infringement.

105.    The '086 Patent discloses techniques for conveniently unlocking information processing devices, such as smartphones. For example, prior to the '086 Patent, one way of unlocking devices was by inputting a passcode that was preset by a user. This process would be time consuming, however, and it would require the user to memorize the passcode. Further, users with multiple devices would need to memorize different passcodes or have the same passcode on all devices, which would increase the risk of the security breach of all of the devices if another user learned of the sole passcode.

106.    The '086 Patent teaches a device that allows users to conveniently execute an unlock operation on their devices by using the tip or pad of their fingers, as shown below in the example embodiment of Figure 11A of the '086 Patent:



107.    The '086 Patent also allows users to associate specific operations using the fingertip and finger pad, and the device will recognize that the user is entering an input via the fingertip or finger pad and executes a corresponding operation. This concept is shown by the example embodiment of Figure 12B of the '086 Patent:

## FIG. 12B

| DIGIT | | 1 | 2 | 3 | 4 | OPERATION |
|---|---|---|---|---|---|---|
| PASSWORD | | 0 | 5 | 2 | 8 | — |
| INPUT METHOD | 1 | FINGER TIP | FINGER PAD | FINGER PAD | FINGER PAD | WAITING SCREEN |
| | 2 | FINGER TIP | FINGER TIP | FINGER TIP | FINGER TIP | MAIL CREATING SCREEN |
| | 3 | FINGER PAD | FINGER TIP | FINGER PAD | FINGER TIP | APPLICATION STARTING |

108.    Lenovo has directly infringed one or more claims of the '086 Patent in this District and elsewhere in Texas, including at least claims 1-4, 6, 9-13, and 15 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E (2020), Razr 2nd generation, Motorola Edge (2021), Motorola Edge (2020), Motorola Edge 5G UW, Motorola Edge+, Moto G Stylus (2021), Motorola One 5G Ace, Motorola One 5G UW, Motorola One 5G UW Ace, Moto G Stylus (2020), Moto G100, Moto G Pure, Moto G Power (2020), Moto G Power (2021), Moto G Stylus 5G, Moto G Fast, Moto G Play, Motorola One 5G, and Moto G Power (2022) (collectively, "the '086 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '086 Accused Products are identified to describe Lenovo's infringement and in no way limit the discovery and infringement allegations against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

109.    Each of the '086 Accused Products is observed to include an information processing apparatus that includes a touch panel, for example, a fingerprint sensor, configured to detect a contact of a finger of a user.

110.    The '086 Accused Products include a detector configured to detect information, such as a user's fingerprint, to identify the user when the contact is detected between the touch panel and the finger of the user.

111.    The '086 Accused Products include a memory that is configured to store information relating to the identification of the user.

112.    The '086 Accused Products include a first controller configured to control the information processing apparatus to operate into two operating modes and a second controller configured to execute a specified process when the information of the detected user and the information stored in the memory are coincident within one of the modes.

113.    For example, the following excerpt from Lenovo's website provides non-limiting examples of the '086 Accused Products infringing at least claims 1-4, 6, 9-13, and 15 of the '086 Patent:

**Protect your phone**

- Set up a screen lock.
- Set up fingerprint security to unlock your screen safely and quickly with a touch.
- In case you lose your phone, set up Find My Device and record your IMEI number.

**Fingerprint sensor**

Quickly and easily verify your identity using the fingerprint sensor on your phone, instead of entering a password, PIN, or pattern to unlock the phone, make online and in-store purchases, and sign into banking and financial apps.

You can add and remove fingerprints.

Fingerprints:

- Are created from features of your fingertip, converted to a mathematical representation, and then encrypted and stored only on the phone. No fingerprint images are ever stored.
- Are never shared with Google or Motorola.
- Are never shared with other apps. Your phone only shares the verification, not the fingerprint.

Motorola Edge User Guide

*See* https://help.motorola.com/hc/7102/10/pdf/help-motorola-edge-10-global-en-us.pdf

38

Use fingerprint security on the moto e

Use the fingerprint sensor to unlock your phone, make fast and secure online and in-store purchases and sign into bank and finance apps.

1. Go to **Settings** > **Security**
2. Touch **Fingerprint**
3. Follow the onscreen instructions to scan your fingerprint using the sensor on the back of your phone.

Fingerprints are stored securely on the phone.

Add a fingerprint for each finger you want to use with the sensor:

1. Go to **Settings** > **Security**
2. Touch **Fingerprint** and enter your pattern, PIN or password to verify your identity.
3. Touch **Add fingerprint**
4. Use the fingerprint sensor to scan another fingerprint.
5. Rename each fingerprint. Touch the current name, type a name and touch **OK**

*See* https://motorola-global-portal.custhelp.com/app/answers/prod_answer_detail/a_id/151195

114.    The foregoing features and capabilities of each of the '086 Accused Products and Lenovo's description and/or demonstration thereof, including in user manuals and advertising, reflect Lenovo's direct infringement by satisfying every element of at least claims 1-4, 6, 9-13, and 15 of the '086 Patent, under 35 U.S.C. § 271(a).

115.    Lenovo has indirectly infringed at least claims 1-4, 6, 9-13, and 15 of the '086 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the '086 Accused Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '086 Patent in violation of 35 U.S.C. § 271. Lenovo instructs its customers through at least user guides or websites, such as those located at: https://motorola-global-portal.custhelp.com/app/answers/prod_answer_detail/a_id/151195                or https://help.motorola.com/hc/7102/10/pdf/help-motorola-edge-10-global-en-us.pdf.    These websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in

an infringing manner. For example, as noted above, Lenovo instructs its customers to "Use fingerprint security" and "Set up fingerprint security." Lenovo is thereby liable for infringement of the '086 Patent pursuant to 35 U.S.C. § 271(b).

116.    Lenovo has indirectly infringed at least claims 1-4, 6, 9-13, and 15 of the '086 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '086 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '086 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

117.    For example, the '086 Accused Products include hardware (finger print sensor, memory, application processor, and display) and software (fingerprint storing and matching software). These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '086 Patent pursuant to 35 U.S.C. § 271(c).

118.    Lenovo has been on notice of its infringement of the '086 Patent since at least May 17, 2018, based on correspondence directed to Courtney VanLonKhuyzen Welton. *See* Letter from J. Beaber to C. Welton dated May 17, 2018 (Exhibit 1). That correspondence set forth Maxell's belief that Lenovo makes, uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and specifically identified the '086 Patent as well as exemplary claims and exemplary accused products for that patent. By the time of trial, Lenovo will thus have known and

intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 1-4, 6, 9-13, and 15 of the '086 Patent.

119.    Lenovo undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '086 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, at least since it received Maxell's letter on May 17, 2018, ███

████████████████████████████████████████████████████████

████████████ Lenovo has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '086 Patent, and that the '086 Patent is valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions do not constitute infringement of the '086 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Lenovo has continued its infringing activities. As such, Lenovo willfully infringes the '086 Patent.

120.    Maxell has been damaged by Lenovo's infringement of the '086 Patent.

### COUNT 5 - INFRINGEMENT OF U.S. PATENT NO. 10,129,590

121.    Maxell incorporates paragraphs 1-120 above by reference.

122.    U.S. Patent No. 10,129,590 (the "'590 Patent," attached hereto at Exhibit 9) duly issued on November 13, 2018 and is entitled *Display Apparatus and Video Processing Apparatus*.

123.    Maxell is the owner by assignment of the '590 Patent and possesses all rights under the '590 Patent, including the exclusive right to recover for past and future infringement."

124.    The '590 Patent is directed to a technique for establishing multiple connections between a plurality of device wirelessly via a radio in order to transmit video information.

125.    For example, prior to the '590 Patent, conventional techniques connected video processing devices with each other by establishing analog connections for video and audio signals. But with the widespread use of digital videos and the ability of devices to perform multiple tasks at the same time, there arose a need to implement additional techniques of transmitting video information while also ensuring that the device could continue to be used for additional functions during video transfer.

126.    Thus, the '590 Patent discloses a technique wherein a video processing device can include multiple radio communication circuits such that these circuits could be controlled to transfer video to another device via one of the circuits, while another circuit could be used to allow the video processing device to connect to the Internet or home network. This solution allows the video processing device to transfer video information over a digital connection while also ensuing that it could continue to be used to perform additional functions such as accessing a website over the Internet.

127.    Lenovo has directly infringed one or more claims of the '590 Patent in this District and elsewhere in Texas, including at least claims 1, 4, 5, 8, 9, 10-22, and 23-25 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E (2020), Razr 2nd generation, Motorola Edge (2021), Motorola Edge (2020), Motorola Edge 5G UW, Motorola Edge+, Moto G Stylus (2021), Motorola One 5G, Motorola One 5G Ace, Motorola One 5G UW, Motorola One 5G UW Ace, Moto G Stylus (2020), Moto G100, Moto G Pure, Moto G Power (2021), Moto G Stylus 5G, Moto G Fast, Moto G Play, Moto G Power (2020), and Moto G Power (2022) (collectively, "the '590 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the

avoidance of doubt, the '590 Accused Products are identified to describe Lenovo's infringement and in no way limit the discovery and infringement allegations against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

128.    Each of the '590 Accused Products is observed to include a video processing apparatus that includes a first radio communication circuit, a second radio communication circuit, and a third radio communication circuit that are used to transmit and/or receive information using first, second, and/or third transmission frequency bands.

129.    The '590 Accused Products include an imaging circuit, a compression circuit, an input unit, an accumulation circuit, and a controller that controls the assignment of connection of each of the first, second, and third radio communication circuits. Further, the controller in the '590 Accused Products controls each of the first and second radio communication circuit so that the first radio communication circuit transmits video information and the second radio communication circuit connects to the internet or the home network simultaneously and one of the second or third radio communication circuits receive a signal from the internet indicating that an update for an operating system of the video processing apparatus is available, and the video processing apparatus executes an update process such that an updated operating system of the video processing apparatus is stored in the video processing apparatus after execution of the update process.

130.    For example, the following excerpt from Lenovo's website provides non-limiting examples of the '590 Accused Products infringing at least claims 1, 4, 5, 8, 9, 10-22, and 23-25 of the '590 Patent by sharing videos via Bluetooth, WiFi, and/or cellular networks:

PUBLIC VERSION

**Share photos and videos**
1. Open the **Photos** app.
2. Navigate to the thumbnail of the item you want to share.
3. Select the item to share:
   - To select one item, touch & hold its thumbnail.
   - To select multiple items, touch & hold the first thumbnail, then touch the others to select them.
4. Touch ⤦   and select the way you want to share.

**Tip**: To clear all selections touch ◁

*See*      https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload%2Fshare-photos-and-videos---motorola-one-vision

» **View, share, or delete:** Tap a thumbnail to open it, then tap ⤦ to share, 🗑 to delete, or Menu ⋮ for more options.

Motorola edge User Guide at 22.

## Transfer files

» **Photos or videos:** Open the photo or video, then tap ⤦ > **Bluetooth**.

*Id.* at 30.

## Share photos and videos

You can wirelessly share one, multiple, or all items from any Photos view, sending them as email or message attachments, uploading to the cloud, or using device-to-device connections like Bluetooth.

In addition to sharing wirelessly, you can transfer photos to your computer with a USB connection.

## Motorola User Guide at 97.

After pairing with a device, you'll need to set sharing options and then you can use Bluetooth to:

- Make or receive calls with a headset
- Make or receive calls and play music over your car's audio system
- Transfer music
- Share photos
- Share contacts
- Share your phone's internet connection with your computer

*Id.* at 136.

44



*See* https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631



*See* https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537



*See* https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295

131.    The foregoing features and capabilities of each of the '590 Accused Products and

Lenovo's description and/or demonstration thereof, including in user manuals and advertising,

reflect Lenovo's direct infringement by satisfying every element of at least claims 1, 4, 5, 8, 9, 10-

22, and 23-25 of the '590 Patent, under 35 U.S.C. § 271(a).

132.    Further, Lenovo has indirectly infringed at least claims 1, 4, 5, 8, 9, 10-22, and 23-

25 of the '590 Patent in this District and elsewhere in the United States by, among other things,

actively inducing the use, offering for sale, selling, or importation of at least the '590 Accused

Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '590 Patent in violation of 35 U.S.C. § 271(b). Lenovo instructs its customers through at least user guides or websites, such as those located at: https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload-%2Fshare-photos-and-videos---motorola-one-vision, https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631, https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537, and https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295. These websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in an infringing manner. For example, as noted above, Lenovo instructs its customers to "Share photos and videos" via Bluetooth and/or use WiFi and cellular capabilities to watch videos.  Lenovo is thereby liable for infringement of the '590 Patent pursuant to 35 U.S.C. § 271(b).

133.    Lenovo has indirectly infringed at least claims 1, 4, 5, 8, 9, 10-22, and 23-25 of the '590 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '590 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '590 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

134.    For example, the '590 Accused Products include hardware (Wi-Fi chipset, cellular chipset, application processor, Bluetooth chipset, memory, and camera) and software (Wi-Fi, cellular, and Bluetooth software). These are components for use in practicing a patented process.

Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '590 Patent pursuant to 35 U.S.C. § 271(c).

135.   Lenovo has been aware of the '590 Patent family since, at least, ███████████ ████████████████████████████████████████████████████████████████████████ ████████████████ Further, Lenovo has been on notice of its infringement of the '590 Patent since at least June 3, 2021, based on correspondence directed to Lenovo's Directors of Intellectual Property—Fergal Clarke and Robert Renke. *See* Letter from J. Beaber to F. Clarke and R. Renke dated June 3, 2021 (Exhibit 3). That correspondence set forth Maxell's belief that Lenovo makes, uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and specifically identified the '590 Patent as well as exemplary claims and exemplary accused products for that patent. By the time of trial, Lenovo will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 1, 4, 5, 8, 9, 10-22, and 23-25 of the '590 Patent.

136.   Lenovo undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '590 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, at least since it received Maxell's letter on June 3, 2021, ███ ████████████████████████████████████████████████████████████████████████ ████████████ Lenovo has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '590 Patent, and that the '590 Patent is valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions do not constitute infringement of the '590 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high

likelihood that its actions constitute infringement, Lenovo has continued its infringing activities. As such, Lenovo willfully infringes the '590 Patent.

137.    Maxell has been damaged by Lenovo's infringement of the '590 Patent.

### COUNT 6 - INFRINGEMENT OF U.S. PATENT NO. 10,244,284

138.    Maxell incorporates paragraphs 1-137 above by reference.

139.    U.S. Patent No. 10,244,284 (the "'284 Patent," attached hereto at Exhibit 10) duly issued on March 26, 2019 and is entitled *Display Apparatus and Video Processing Apparatus*.

140.    Maxell is the owner by assignment of the '284 Patent and possesses all rights under the '284 Patent, including the exclusive right to recover for past and future infringement.

141.    Similar teachings of the '590 Patent are also contained in the '284 Patent, and the corresponding discussion in Count 5 is hereby incorporated herein.

142.    Lenovo has directly infringed one or more claims of the '284 Patent in this District and elsewhere in Texas, including at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its telecommunications technology, including at least the Moto E (2020), Razr 2nd generation, Motorola Edge (2021), Motorola Edge (2020), Motorola Edge 5G UW, Motorola Edge+, Moto G Stylus (2021), Motorola One 5G, Motorola One 5G Ace, Motorola One 5G UW, Motorola One 5G UW Ace, Moto G Stylus (2020), Moto G100, Moto G Pure, Moto G Power (2021), Moto G Stylus 5G, Moto G Fast, Moto G Play, Moto G Power (2020), and Moto G Power (2022) (collectively, "the '284 Accused Products"). Maxell reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the '284 Accused Products are identified to describe Lenovo's infringement

and in no way limit the discovery and infringement allegations against Lenovo concerning other devices that incorporate the same or reasonably similar functionalities.

143.    Each of the '284 Accused Products is observed to include a video processing apparatus that includes a first radio communication circuit and a second radio communication circuit that are used to transmit and/or receive video information using first and second transmission frequency bands.

144.    The '284 Accused Products further include a controller that controls the first and second radio communication circuits such that the first radio communication circuit receives digital video information from the external video processing apparatus and the second radio communication circuit connects to the internet or the home network simultaneously.

145.    The controller in the '284 Accused Products controls the assignment such that the assignment between the first radio communication circuit and the external video processing apparatus is prioritized more than the assignment between the second radio communication circuit and the internet or the home network when a user issues an indication to receive digital video information by the first radio communication circuit while acquiring information from the internet or the home network by the second radio communication circuit.

146.    For example, the following excerpt from Lenovo's website provides non-limiting examples of the '284 Accused Products infringing at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20 of the '284 Patent by sharing videos via Bluetooth, WiFi, and/or cellular networks:

**Share photos and videos**
1. Open the **Photos** app.
2. Navigate to the thumbnail of the item you want to share.
3. Select the item to share:
   - To select one item, touch & hold its thumbnail.
   - To select multiple items, touch & hold the first thumbnail, then touch the others to select them.
4. Touch ⋘ and select the way you want to share.

**Tip**: To clear all selections touch ◁

PUBLIC VERSION

*See* https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload%2Fshare-photos-and-videos---motorola-one-vision

» **View, share, or delete:** Tap a thumbnail to open it, then tap ⤟ to share, 🗑 to delete, or Menu ⋮ for more options.

Motorola edge User Guide at 22.

## Transfer files

» **Photos or videos:** Open the photo or video, then tap ⤟ > **Bluetooth**.

*Id.* at 30.

## Share photos and videos

You can wirelessly share one, multiple, or all items from any Photos view, sending them as email or message attachments, uploading to the cloud, or using device-to-device connections like Bluetooth.

In addition to sharing wirelessly, you can transfer photos to your computer with a USB connection.

Motorola User Guide at 97.

After pairing with a device, you'll need to set sharing options and then you can use Bluetooth to:

- Make or receive calls with a headset
- Make or receive calls and play music over your car's audio system
- Transfer music
- Share photos
- Share contacts
- Share your phone's internet connection with your computer

*Id.* at 136.

connectivity

**Networks + Bands**
5G: NR band n2/n5/n25/n41/n66/n71/n77/n78 4G: LTE band 1/2/3/4/5/7/8/12/13/14/17/18/19/20/25/26/29/30/38/39/40/41/66/71
3G: WCDMA band 1/2/4/5/8 2G: GSM band 2/3/5/8

**Bluetooth Technology**
Bluetooth® 5.2

**Wi-Fi**
Wi-Fi 802.11 a/b/g/n/ac/ax 2.4 GHz | 5 GHz | 6 GHz Wi-Fi 6E WiFi hotspot

*See* https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631

50

PUBLIC VERSION



*See* https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537



*See* https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295

147.    The foregoing features and capabilities of each of the '284 Accused Products and Lenovo's description and/or demonstration thereof, including in user manuals and advertising, reflect Lenovo's direct infringement by satisfying every element of at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20  of the '284 of the '284 Patent, under 35 U.S.C. § 271(a).

148.    Lenovo has indirectly infringed at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20 of the '284 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of at least the '284 Accused Products. Lenovo's customers who purchase devices and components thereof and operate such devices and components in accordance with Lenovo's instructions directly infringe one or more claims of the '284 Patent in violation of 35 U.S.C. § 271(b). Lenovo instructs its customers through at least user guides    or    websites,    such    as    those    located    at:    https://motorola-global-en-roe.custhelp.com/app/answers/detail/a_id/140135/~/using-the-camera%3A-upload-%2Fshare-

photos-and-videos---motorola-one-vision, https://www.motorola.com/us/smartphones-motorola-edge-gen-2/p?skuId=631, https://www.motorola.com/us/smartphones-motorola-one-5g-ace/p?skuId=537, and https://www.motorola.com/us/smartphones-moto-g-stylus/p?skuId=295. These websites demonstrate Lenovo's specific intent for its customers to use the accused functionality in an infringing manner. For example, as noted above, Lenovo instructs its customers to "Share photos and videos" via Bluetooth and/or use WiFi and cellular capabilities to watch videos.  Lenovo is thereby liable for infringement of the '284 Patent pursuant to 35 U.S.C. § 271(b).

149.     Lenovo has indirectly infringed at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20 of the '284 Patent, by, among other things, contributing to the direct infringement of others, including customers of the '284 Accused Products by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '284 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

150.     For example, the '284 Accused Products include hardware (Wi-Fi chipset, cellular chipset, application processor, Bluetooth chipset, memory, and camera) and software (Wi-Fi, cellular, and Bluetooth software). These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Lenovo is liable for infringement of the '284 Patent pursuant to 35 U.S.C. § 271(c).

151.    Lenovo has been aware of the '284 Patent family since, at least, ███████████

████████████████████████████████████████████████████████████████

██████████████ Further, Lenovo has been on notice of its infringement of the '284 Patent

since at least June 3, 2021, based on correspondence directed to Lenovo's Directors of Intellectual

Property—Fergal Clarke and Robert Renke. *See* Letter from J. Beaber to F. Clarke and R. Renke

dated June 3, 2021 (Exhibit 3). That correspondence set forth Maxell's belief that Lenovo makes,

uses, sells, offers to sell, or imports products that infringe certain of Maxell's patents, and

specifically identified the '284 Patent as well as exemplary claims and exemplary accused products

for that patent. By the time of trial, Lenovo will thus have known and intended (since receiving

such notice), that its continued actions would actively induce and contribute to actual infringement

of at least claims 1, 3-5, 7, 9-11, 13-16, and 18-20 of the '284 Patent.

152.    Lenovo undertook and continued its infringing actions despite an objectively high

likelihood that such activities infringed the '284 Patent, which has been duly issued by the USPTO,

and is presumed valid. For example, at least since it received Maxell's letter on June 3, 2021, ████

████████████████████████████████████████████████████████████████

██████████████ Lenovo has been aware of an objectively high likelihood that its actions

constituted and continue to constitute infringement of the '284 Patent, and that the '284 Patent is

valid. On information and belief, Lenovo could not reasonably, subjectively believe that its actions

do not constitute infringement of the '284 Patent, nor could it reasonably, subjectively believe that

the patent is invalid. Despite that knowledge and subjective belief, and the objectively high

likelihood that its actions constitute infringement, Lenovo has continued its infringing activities.

As such, Lenovo willfully infringes the '284 Patent.

153.    Maxell has been damaged by Lenovo's infringement of the '284 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Maxell prays for relief as follows:

154.    A judgment declaring that Lenovo has infringed and is infringing one or more claims of the '821, '487, '394, '086, '590, and '284 Patents;

155.    A judgment awarding Maxell compensatory damages as a result of Lenovo's infringement of one or more claims of the '821, '487, '394, '086, '590, and '284 Patents, together with interest and costs, consistent with lost profits and in no event less than a reasonable royalty;

156.    A judgment awarding Maxell treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Lenovo's willful and deliberate infringement of one or more claims of the '821, '487, '394, '086, '590, and '284 Patents;

157.    A judgment declaring that this case is exceptional and awarding Maxell its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

158.    A grant of preliminary and permanent injunctions enjoining Defendant from further acts of infringement of one or more claims of the '821, '487, '394, '086, '590, and '284 Patents; and

159.    Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Maxell hereby demands a trial by jury.

PUBLIC VERSION

Dated: March 30, 2022                    By:  */s/ Michael Chibib*
                                            Michael Chibib
                                            Texas Bar No. 00793497
                                            BRACEWELL LLP
                                            111 Congress Avenue, Suite 2300
                                            Austin, Texas 78701
                                            Telephone: (512) 472-7800
                                            Facsimile: (800) 404-3970
                                            michael.chibib@bracewell.com

                                            Jamie B. Beaber
                                            Kfir B. Levy
                                            James A. Fussell, III
                                            Saqib J. Siddiqui
                                            Bryan Nese
                                            Tiffany A. Miller
                                            MAYER BROWN LLP
                                            1999 K Street, NW
                                            Washington, DC 20006
                                            Telephone: (202) 263-3000
                                            Facsimile: (202) 263-3300
                                            jbeaber@mayerbrown.com
                                            klevy@mayerbrown.com
                                            jfussell@mayerbrown.com
                                            ssiddiqui@mayerbrown.com
                                            bnese@mayerbrown.com
                                            tmiller@mayerbrown.com

                                            Geoff Culbertson
                                            Kelly Tidwell
                                            Patton, Tidwell & Culbertson, LLP
                                            2800 Texas Boulevard (75503)
                                            Post Office Box 5398
                                            Texarkana, TX 75505-5398
                                            Telephone: (903) 792-7080
                                            Facsimile: (903) 792-8233
                                            gpc@texarkanalaw.com
                                            kbt@texarkanalaw.com

                                            Craig D. Cherry
                                            State Bar No. 24012419
                                            Mark D. Siegmund
                                            State Bar No. 24117055
                                            Gregory P. Love
                                            State Bar No. 24013060

PUBLIC VERSION

Justin Allen
State Bar No. 24081977
STECKLER WAYNE CHERRY & LOVE, PLLC
8416 Old McGregor Road
Waco, Texas   76712
Telephone:  (254) 651-3690
Facsimile:  (254) 651-3689
craig@swclaw.com
mark@swclaw.com
greg@swclaw.com
justin@swclaw.com

*Counsel for Plaintiff Maxell, Ltd.*